| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Erin J. Kennedy, Esq.<br>ekennedy@formanlaw.com | |
| In Re:<br><br>CESAR HUMBERTO PINA,<br><br>       Debtor. | Chapter 7<br><br>Case No. 25-10199 (SLM)<br><br>Judge: Stacey L. Meisel |
| CHARLES M. FORMAN, Chapter 7 Trustee for the Estate of Cesar Humberto Pina,<br>       Plaintiff,<br>v.<br>CESAR HUMBERTO PINA,<br>       Defendant. | Adv. Pro. No. 25- |

## COMPLAINT TO DENY DISCHARGE

Plaintiff, Charles M. Forman, the Chapter 7 Trustee ("Trustee") for the estate of Cesar Humbert Pina, complains of the Defendant, Cesar Humberto Pina ("Debtor"), seeking to deny Debtor's discharge pursuant to 11 U.S.C. §727, and says:

### JURISDICTION AND VENUE

1. The court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises under 11 U.S.C. §727.

3. This adversary proceeding is a core proceeding as that term is used in 28 U.S.C. § 157(b)(2)(J).

4. Venue of the Debtor's case and this adversary proceeding in this district is proper under 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

**A.  Procedural History and Parties**

5. Defendant is the Debtor in this case and is an individual with an address of 101 Jasmine Court, Franklin Lakes, NJ 07417.

6. On January 8, 2025 ("Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code").

7. Debtor's case was converted to a case under Chapter 7 on June 17, 2025.

8. On June 18, 2025, the Office of the United States Trustee appointed Charles M. Forman as chapter 7 trustee in the Debtor's case and he continues to serve in that capacity.

**B.  General Background**

9. The schedules filed by the Debtor indicate that the Debtor owns the following assets:

   a. A limited liability company which owns real property located at 27 South Boyden Parkway, Maplewood, NJ 07040;

   b. Sports memorabilia having a value of $10,000[1]; and

   c. A limited liability company known as From Start 2 Flipping LLC which has a value of $750,000.

10. In addition, the Debtor's schedules indicate that there are multiple judgments entered against the Debtor relating to and arising from funds invested with or monies loaned to the Debtor.

---

[1] On August 4, 2025, the Debtor filed amended schedules which responded to Item 8 on Schedule A saying "Michael Jordan signed Basketball" and valued it at $5,000.

11. On October 15, 2025, the Debtor was served with a subpoena to produce certain documents by November 7, 2025 and to appear for an examination on November 20, 2025. A copy of the subpoena and proof of service is attached as Exhibit A.

12. On November 10, 2025, Debtor's attorney advised he needed additional time to produce documents. The deadline was extended to November 14, 2025.

13. On November 26, 2025, Debtor's attorney provided dates for the 2004 examination. Debtor's attorney was advised that the documents needed to be produced prior to a 2004 examination. Debtor's attorney advised that the documents would be produced by November 28, 2025.

14. As of December 30, 2025, no documents were produced.

15. Based on the investigation conducted by the Trustee and his professionals, it appears that the Debtor operated entities which were owned by Debtor's wife and that the Debtor used those entities to raise funds from investors, purportedly to purchase and rehabilitate properties. It further appears those companies were operated as a Ponzi scheme.

16. On October, 2023, the Debtor was arrested by federal authorities and charged with "knowingly and intentionally devised … a scheme and artifice to defraud and obtain money and property by means of materially false pretenses … "in US v. Cesar Humberto Pina a/k/a Flipping NJ" (23-MJ-13255).

17. Debtor's wife filed voluntary chapter 11 petitions for the following entities (the "Entities"):

| Entity | Filing Date | Case No.: |
|---|---|---|
| 95 Market St LLC | May 30, 2025 | 25-15710 |
| The Boza Group LLC | May 30, 2025 | 25-15713 |
| 189-191 Park Ave LLC | May 30, 2025 | 25-15712 |
| 267 6th Ave LLC | May 30, 2025 | 25-15714 |
| 83-85 Madison St LLC | May 30, 2025 | 25-15717 |

| Entity | Filing Date | Case No.: |
|---|---|---|
| Whairhouse Real Estate Investments, LLC and Taylor Court Apartments, LLC | August 4, 2023 | 23-16723 |
| Whairhouse Limited Liability Company | August 22, 2023 | 23-17272 |

18. The Debtor's use of the Entities was part of a scheme he devised with the intent to hinder, delay and defraud creditors by obtaining investments and diverting the investment funds.

19. In failing to produce financial records and appear for a 2004 examination, the Debtor has failed to explain his lack of assets to meet his liabilities.

## **COUNT ONE**

20. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

21. The Debtor has failed to provide a satisfactory explanation as to why his assets are not sufficient to pay his obligations, and/or has concealed, falsified or destroyed that information.

22. The Debtor has failed to provide a satisfactory explanation with respect to the Entities and/or has concealed, falsified or destroyed that information within one year of the Petition Date.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(5) and (a)(7) and such further relief as the court may allow.

## **COUNT TWO**

23. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

24. The Debtor failed to maintain adequate books and records for his personal finances and the financial affairs of his limited liability companies, and/or has concealed, falsified or destroyed that information.

4931-9779-0579, v. 1

25. The Debtor failed to maintain adequate books and records for the Entities and/or has concealed, falsified or destroyed that information within one year of the Petition Date.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(3) and (a)(7) and such further relief as the court may allow.

### COUNT THREE

26. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

27. The Debtor concealed assets by failing to identify and disclose them and to produce books and records which would make their identity known to the Trustee.

28. The Debtor has conceded assets by placing them in the name of the Entities and/or others with the intent to hinder, delay and defraud creditors including within one year prior to the Petition Date.

29. The Debtor has failed to provide any information regarding the Entities to the Trustee.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2) and (a)(7) and such further relief as the court may allow.

FORMAN HOLT
Attorneys for Charles M. Forman, Trustee

Dated: December 30, 2025

By: */s/Erin J. Kennedy*
Erin J. Kennedy